## MAY AND WIFE *vs.* SMITH, EDWARDS & Mc-KEITHEN.

[ACTION AT LAW AGAINST HUSBAND AND WIFE TO SUBJECT SEPARATE STATUTORY ESTATE OF WIFE TO PAYMENT OF BILL FOR MEDICAL SERVICES RENDERED AND DRUGS FURNISHED, &C.]

1. *Separate estate of wife; what are proper charges against, under section* 2376 *of Revised Code.*—Medicines, and the professional services of a physician, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law, are proper charges against the separate estate of the wife under section 2376 of the Revised Code.

2. *Same; what not proper charge against.*—The children of the husband by a former marriage are not such members of the household or family, when residing in it, as is contemplated by that section.

3. *Same; what causes of action can not be joined in proceeding to subject estate of wife under section* 2376 *of Revised Code.*—A cause of action against the husband only, can not be joined with an action prosecuted against the husband and wife jointly, for the purpose of enforcing a liability against her separate estate for articles of comfort and support of the family.

*Quere.*—As to form of judgment in a suit against husband and wife for necessaries.

APPEAL from the Circuit Court of Autauga.
Tried before Hon. LUTHER R. SMITH.

The appellees brought an action against the appellants, Hiram J. May and Martha, his wife, to recover the sum of one hundred dollars, alleged to be due by them for work

and labor, &c., medical services, and drugs and medicines furnished by the appellees to the appellants during the years 1868 and 1869. The complaint alleges, in substance, the marriage of defendants in this State, their living together as husband and wife in this State, and the possession by the wife of a separate statutory estate under the laws of Alabama, (the description of which, and the manner in which said Martha became possessed thereof, being specially set forth,) before and at the accrual of the cause of action; that the amount charged for the drugs and medical services was just and reasonable; that the medical services were rendered to the said Martha and family, while they were sick and needed the same, at the request of defendants; that the drugs were furnished to said Martha and family at her husband's request. It is also alleged, that the services, drugs, &c., were articles of comfort and support of the household, and suitable to the degree and condition of the family, and for which the husband would be liable at common law.

On the trial, one of the appellants proved an account and the correctness of various items therein, for professional visits, delivering a child, prescriptions, &c., amounting in the aggregate to $57 20. He testified, in substance, that the account was for medical services rendered by himself and the firm of physicians of which he was a member, to said Martha May and her child by said Hiram, and to two children of said H. by a former marriage and his sister, and for drugs and medicines furnished the same parties, (with the exception of May's sister,) at the request of said Hiram J. May; that the sister of said Hiram and his said children resided with said Hiram and his wife Martha during the time the services were rendered, and the drugs and medicines furnished them. Witness could not tell what proportion of the drugs and medicines furnished was for said Martha and her child, or what proportion was for the children of May's former marriage, but that the most of it was for said Martha, and the balance for the other members of the family; that the account for medical services was made up in part of charges for services rendered to the children

of May by former marriage and to his sister. The witness specified all the items in the bill which were for services rendered May's sister. The witness further testified, that May's sister and the children of his former marriage were dependent on him for support. There was proof introduced as to the reasonableness of the charges in the account, and the possession and title of the defendant Martha to the separate statutory estate as averred in the complaint.

This being the substance of all the testimony, the court, at the request of the plaintiffs, charged the jury, " 2d, that if they believe all the evidence in the case, the jury must return a verdict in favor of the plaintiffs for all the items in said account, with the exception of the item for services rendered the sister of Hiram J. May." The defendant, Martha May, excepted to the giving of this charge, and said Martha also requested several written charges. The first, to the effect that defendant's separate estate could not be made liable for medical services rendered by a physician to her and her children; the second, to the effect that said Martha's estate was not liable for services rendered to May's children by a former marriage, although they resided in the family at the time; the third, to the effect, if the jury believe the evidence, they should find for defendants. The court refused to give either of these charges, and said Martha excepted.

The jury found " the issues in favor of the plaintiffs, and assessed plaintiffs' debt and interest at the sum of $69 80," and found that the estate described in the complaint (and the description of which was given in the verdict) was liable for the sum of $67 39; and thereupon, judgment was rendered against said Hiram J. for said sum of $69 80 and costs, and the judgment entry then recites: " It is further considered by the court, that said property [setting forth that described in the verdict] belongs to the separate estate of the said Martha May, and is liable to satisfy said sum of $67 39, as aforesaid assessed, and the costs of this suit, and that an order issue requiring the sheriff to sell so much of said property as may be necessary to satisfy said

sum of $67 39 and costs, and that a payment of one of the judgments herein rendered shall be a payment of the other."

The appeal is taken in the name of both the husband and wife, and a *supersedeas* bond given in the penal sum of $139 36, superseding both judgments.   Errors are assigned both jointly and separately, by both husband and wife, in this court, where it was urged as grounds for reversal that the court below erred in the charge given, in the final judgment rendered, and in the refusal to give the charges requested.

W. H. NORTHINGTON, for appellant.—Section 2376 of the Revised Code, when properly construed, only makes the wife's separate estate liable for *articles*, which in their nature are used in common, and which are necessaries of the household in its collective capacity, and not for articles which may have been used by the husband or his relations exclusively, although such relations may have resided with him and derived their support from him.—See *Durden and Wife v. McWilliams & Smith*, 31 Ala. 438.

This section of the Code can not be so construed as to make the separate estate of a married woman liable for medical services rendered her or the immediate members of her family.   The word " articles," as used in said section, according to the general acceptation of the term and the definitions given by lexicographers, means commodities, and not services.   The fact that such services are necessary, or even indispensable, should be entitled to no weight in construing this statute.   The services of a lawyer, mechanic, servant or laborer might be equally necessary, and it would hardly be contended that such separate estate would be chargeable in a court of law for services of this kind.   This construction of the section in question will operate no hardship, either upon the husband or any one who trusts him.   He has the rents, income and profits of his wife's separate property, without liability to account for the same; and the law has given him no authority to

charge the *corpus* of her estate to a greater extent.—*Durden and Wife v. McWilliams & Smith, supra.*

The words "household" and "family," as used in this section, evidently have reference to the offspring of the marriage, and not to sojourners or dependents who may be supported by and share the hospitality of the heads of the family; consequently, the children of the husband by a former marriage are not embraced within these terms.

WATTS & TROY, and SADLER & LIVINGSTON, *contra.*—
1. As to the judgment against the husband, there must be an *affirmance.* It is clear, that the judgment against *him* was correct; and he has reserved no question and has taken no exception. Yet he has appealed and given a bond in double the amount of the judgment *against him;* and thus he has *superseded* the judgment *against himself.*

2. Can the husband and wife *join* in an appeal to revise a judgment against the wife's separate statutory estate? Section 2525 of the Revised Code of Alabama expressly provides, that when her *separate* (statutory) estate is involved, the suit shall be in *her own* name. She can not join with her husband in suing out the appeal; and as to *her*, this appeal must be dismissed.

An appeal is a new suit; and this appeal, so far as she is concerned, must be governed by section 2525 of the Revised Code, unless there is some other provision of the Code which governs this particular case.—*Childress and Wife v. Taylor*, 33 Ala. 185; *Spears, Adm'r, v. Lumpkin*, 39 Ala. 600.

3. The judgment rendered against the husband *in personam* is proper, and that against the wife's *property* is correct. No judgment under section 2376 of the Code could be properly rendered against the wife *in personam* in a court of law. This section has been frequently interpreted. *Durden and Wife v. McWilliams*, 33 Ala. 438; *Revesies and Wife v. Stoddart & Co.*, 32 Ala. 601; *Sharp and Wife v. Burns & Cowles*, 35 Ala. 654.

4. The main question in the case is, were these medi-

cines and medical attention, as shown in the evidence, "for the *comfort* and *support of the household?*"

A "household" is a *family* living *together.* A family is an aggregate of persons living together in the same house, and others *dependent* on the head for support and maintenance.—See *Allen v. Manassee,* 4 Ala. 555 ; *Sallee v. Waters,* 17 Ala. 482.

In the case of *Durden and Wife v. Mc Williams & Smith, (supra,)* on page 442, the court say, "neither do we find anything in the statutes which authorizes us to confine the liability of the separate estate to contracts entered into by the wife herself."

Again, on same page, and in same case, the court say, "We hold, that the intention of the legislature was to render the wife's separate property liable, in an action at law, for only such articles of comfort and support of the household as the husband may be chargeable with *in invitum ;* such necessaries for the maintenance and comfort of the family, as in the absence of proper provision by him, his wife or even a stranger may supply to the family, and thereby fix a liability on him."

Again, on page 443, in the same case, the court say, "Under the above rule, the separate estate of the wife can not be charged * * for the wearing apparel of the husband, or any other article purchased for his individual or exclusive use. For articles, which in their nature are used in common, and which are necessaries of the household in its collective capacity, the separate estate of the wife is chargeable. The fact that the husband participates in the use and enjoyment of the articles last mentioned will not in the least diminish the liability of the wife's separate estate."

5. Are not medicines furnished to the family a charge on the separate estate of the wife? There can be no doubt of it.

Is not the separate estate of the wife liable for medical services rendered to her and to the family, to the *household?* We apprehend, if a cook were employed to cook the meals for the family, there could be no doubt her services in

cooking for the family would be articles of comfort and support of the household, and that the separate estate of the wife would be liable.

A doctor's services, in delivering the wife of a child, in visits to her and the children of the family whilst sick, are as much articles of comfort and support as the cook's services.

6. The children of May by a former wife were members of the family and a part of the household; were *dependent* on him as a part of the family, and were as much a part of the *household* and family as the wife herself, or as his child by her.—See Bump on Bankruptcy, 3d ed., p. 122, and the authorities there cited.

B. F. SAFFOLD, J.—Are the professional services of a physician, and medicines furnished by him to a family, suitable to their degree and condition in life, and for which the husband would be responsible at common law, a proper charge against the separate estate of the wife, under section 2376 of the Revised Code? Are the children of the husband by a former marriage such members of the household or family, when residing in it, as is contemplated by that statute?

The preservation of the property is subordinate to the subsistence of its possessors. Personal service at times is as indispensible to life as food and raiment. The law, in subjecting the wife's separate estate to articles of comfort and support suitable to the degree and condition in life of the family, thus admitting of much expansion, could not have intended to exclude those services of charity and duty which no wealth or position can dispense with, and no poverty or obscurity should be deprived of. There are some services of the physician or surgeon of so costly a character as perhaps ought to debar them entirely, unless in extreme cases, or greatly reduce the compensation usually claimed for them. The essence of a contract, express or implied, must be perceptible in all such demands, to entitle them to a charge upon the property at all, but as the mu-

tuality of agreement is imperfect, the creditor can not claim beyond the ability of the estate to respond, in view of more pressing obligations upon it. Under the evidence, the wife's separate estate is subject to the account against herself and her children.—*Owen v. White*, 5 Por. 435; 1 Par. on Contr. 253–6; Rev. Code, § 2376.

The separate estate of the wife is certainly not liable to the extent her husband would be in a corresponding case. A husband is not responsible for the child of his wife by a former husband, but if he takes him into his house, he assumes, perhaps, the responsibility for his maintenance, so long as he retains him as one of his family. Whatever this responsibility may be, it is by virtue of his voluntary undertaking, which can not be said of the wife, or of her estate. The obligation of the husband rests upon as broad a basis as any other of his contracts. The wife can give no legal consent about the matter at all. The principle which would subject her estate to the expenses of her husband's children, would render it liable to his debts generally.—1 Parsons on Contracts, p. 257; *Cooper v. Martin*, 4 East, 76.

The judgment must be treated as single, and reversed entirely. It follows the form prescribed in *Ravesies v. Stoddart & Co.*, (32 Ala. 590,) but that does not admit of joining claims against the husband only, with those which may be charged against the wife's property. The general rule of pleading respecting the joinder of parties and causes of action was not intended to be changed. It would be unjust to burden the estate of the wife with the cost of defending suits against her husband, for which it was not liable.

We prefer Judge STONE's dissenting opinion in the above case concerning the form of the judgment. No particular phraseology is required, so the entry expresses what the judgment should ascertain. A judgment against the husband alone, with execution which may be levied on the property of the wife subject to it, would be sufficient. One against both of the defendants, with execution, in respect

to the wife, to be levied in like manner, would not impose
any personal liability on her. The record shows in what
capacity she was sued, and the law defines her liability. A
judgment against an administrator *de bonis intestatis*, fixes
no personal liability on the representative. Neither would
one against a wife be satisfied out of property owned by
her at an ascertained time.

The judgment is reversed, and the cause remanded.