33 So.2d 741
**SHINN v. FAMILY RESERVE INS. CO.**
**6 Div. 354.**

*Court of Appeals of Alabama.*

Oct. 28, 1947.

Rehearing Denied Nov. 25, 1947.

Phil Joiner, of Birmingham, for appellant.

HARWOOD, Judge.

This appellant, as beneficiary of a life insurance policy issued by the appellee company, perfected his appeal to this court from a judgment entered in the circuit court of Jefferson for the defendant, in a suit on said policy in which appellant was the plaintiff and the appellee the defendant.

The trial below was before the court without a jury. The pleas were one of in short by consent, and a plea of tender. An agreed statement of facts was entered into by the parties.

The only question involved in this appeal pertains to the effect on appellant's claim under the policy sued on of certain provisions therein.

The appellee company issued a policy on the life of the wife of the appellant, the policy being for $200.00, and the premiums being 12¢ per week.

In the application for the policy on which this suit is based the insured answered in the negative questions as to whether she had ever had numerous diseases or illnesses, and further stated that she was in good health.

The application also contained the provision that—"the policy which may be granted by the Company in pursuance of this application shall be accepted subject to the conditions and agreements contained in such policy."

The policy itself contained the following provisions material to this decision: "Limitations of Insurance—No obligation is assumed by the Company prior to the issuance of this Policy. The liability of the Company shall be limited to the return of the premiums paid on the Policy if * * *

Bowers, Dixon & Dunn, of Birmingham, for appellee.

(5) the insured is a female and is pregnant at the date of the issue of this Policy and death results from such pregnancy."

The insured was pregnant at the date of the issuance of this policy and her death ensued from such pregnancy.

As we interpret the brief and argument of appellant's earnest counsel he argues that since the insured represented her health to be good in the application, which document is made a basis of the issuance of the policy, the provision as to pregnancy in the policy must be construed as a warranty, and that therefore under the operation of Section 6, Title 28, Code of Alabama 1940, the appellee company was under the burden of showing that insured's pregnancy increased the risk of loss. In his reply brief appellant's counsel states: "Normal pregnancy, existing when the policy is issued, has never been construed by any Courts as being a disease or as affecting sound health." (For authorities see 29 Am.Jur., Insurance, Section 563.)

█ The application for insurance in this case is completely silent as to whether the insured was pregnant at the time of the execution of the application. That pregnancy has never been considered a condition affecting "good health," or "sound health" necessarily, we think, leads to the conclusion that the provision in the policy that the Company's liability is limited to a return of the premiums paid if death results from pregnancy existing at the time of the issuance of the policy must be construed as a condition of the contract of insurance limiting the scope of liability, and not as a warranty or representation affected by Section 6, Title 28, of our Code.

█ In Life & Casualty Ins. Co. v. Whitehurst, 226 Ala. 687, 148 So. 164, our Supreme Court, through Mr. Justice Knight, enunciated the following:

"It is true that insurance policies should be liberally construed to effect the intentions of the parties, and in cases of doubt a contract will be construed most strongly against the party who framed it, yet the function of courts is to construe them, not to make them.

"In 14 R.C.L. pp. 928, 929, the rule is stated, with citation of numerous authorities to support it, that: 'In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts, or to take anything from them.'

"And our own court, in the recent case of Life & Casualty Ins. Co. of Tennessee v. Tollison, 223 Ala. 78, 134 So. 805, 807, gave its approval to the above stated language: 'We approve, as of course, the rule that insurance contracts may be and often are made with very limited coverage, the small premium fixed on careful calculation of the hazard assumed; and they should be enforced, not a new or enlarged contract made for the parties.

"'But this rule runs alongside the further well-known rule that, being framed by the insurer, they are construed favorably to the insured.'"

· The above principles we conclude are decisive of the point discussed immediately above, and sustains, so far as such question is concerned, the correctness of judgment entered by the court below.

Counsel for appellant further argues that the pregnancy provision in this policy is void as against public policy.

█ The provision applies only to pregnancies existing at the time of the issuance of the policy. Furthermore the insured was under no compulsion to seek insurance in appellee company, or to accept the policy if the conditions on which it was issued appeared too onerous. The effect of the provision in this policy on the public's interest in the birth rate of our society is, under the above circumstances, too vague and uncertain to justify nullifying the plain provisions of a contract, freely entered by both parties. There is also a public interest in the maintenance of contracts.

This cause must in our opinion be affirmed, and it is so ordered.

Affirmed.