151 So.2d 774

**Ouida I. HOLLOWAY, Adm'x,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**4 Div. 91.**

Supreme Court of Alabama.

April 4, 1963.

Lee & McInish, Dothan, for appellant.

J. Robt. Ramsey, Dothan, for appellee.

PER CURIAM.

Appellant, acting as the administratrix of the estate of Mrs. Ada Drew, deceased, filed suit in the circuit court of Houston County, Equity Division, against Mrs. J. H. Glover, who was the sister of deceased, alleging that Mrs. Drew received injuries in an automobile accident on March 15, 1960, from which she later died and for which, according to the complaint, Mrs. Glover was legally liable.

Appellee, the liability insurance carrier of Mrs. Glover, filed its complaint in the equity division of the circuit court of Houston County, making Mrs. Glover and appellant parties respondent, seeking a declaratory judgment on its contractual obligation vel non under its policy to defend this suit filed by the administratrix; and also, to determine whether or not Mrs. Glover is entitled to protection under the terms of the policy against the claims of the administratrix arising out of the alleged accident.

The trial judge, on submission of the cause on testimony taken before a commissioner, rendered a decree absolving complainant (appellee here) from any liability to defend the suit and also from any liability for "any claims arising out of the accident which occurred on or about March 15, 1960, resulting in the death of Mrs. Ada Drew, for which suit has been brought against Mrs. J. H. Glover by Ouida I. Holloway, etc., in the Circuit Court of Houston County, Alabama, at law * * *."

Appellant, in her fiduciary capacity, complains here on appeal that the trial judge erred in rendering its decree, and seeks its reversal.

The policy contains an exclusionary provision, as follows:

"This insurance does not apply under: * * * 'g', coverage A, (1) to any obligation for which the insured or his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law: or (2) *to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured.*" [Emphasis supplied.]

The pivotal and sole question before this court, as was before the trial court, is whether or not, under the evidence and the law applicable thereto, the deceased was *a member of the family of the insured, Mrs. Glover, residing in the same household as the insured at the time of the accident causing her death.*

The facts pertinent to a judicial determination of the applicability of the foregoing exclusionary clause are not essentially in dispute. Mrs. Glover and the deceased were sisters of mature age. The husband of Mrs. Drew died in 1919, after which she went back to the home of her father and mother and there remained until her untimely death from injuries inflicted in the accident. After the parents died, Mrs. Glover, sometime soon after or during 1949, purchased the homestead of the parents from the heirs at law. She, a widow without children, moved into the home where she and her sister, Mrs. Drew, roomed together and equally shared the grocery expense. Mrs. Drew paid some on the utilities service. Each bore her own personal expenses. Mr. Drew had some money which was supplemented by a monthly welfare check of $58. They cooked and ate together. Mrs. Glover furnished Mrs. Drew a place to live in her home free of rent. Each preserved her own personal independence and was not under control of the other. We observe parenthetically here that there is no assignment of error by appellant challenging the evidence of Mrs. Glover above set forth.

The Court of Appeals of Alabama in the case of Shinn v. Family Reserve Ins. Co., 33 Ala.App. 281, 33 So.2d 741(3), certiorari denied, 250 Ala. 194, 33 So.2d 743, observed that in the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts, or to take anything from them. 14 R.C.L. pp. 928, 929.

Attention was called in the above case to the case of Life & Casualty Ins. Co. of Tennessee v. Tollison, 223 Ala. 78, 134 So. 805, 807, wherein it approved the rule that insurance contracts may be, and often are, made with very limited coverage, a premium fixed on careful calculation of the hazards assumed; and they should be enforced, not on a new or enlarged contract for the parties

We further approved an observation of the Court of Appeals in the case of National Life & Accident Ins. Co. v. Davies, 34 Ala. App. 290, 39 So.2d 697(2), certiorari denied 252 Ala. 107, 39 So.2d 703, that:

"The provisions of a policy of instant concern are not to be given a narrow or a technical interpretation which would defeat the intention of the parties, but rather a rational and practical construction."

In ascertaining intent of the parties, language of the policy will be given its common interpretation, and only clauses which are uncertain, will be construed favorably to the insured. The Praetorians v. Hicks, 234 Ala. 451, 175 So. 258(3).

In Franklin Life Ins. Co. v. Lewis, 36 Ala.App. 313, 55 So.2d 518(4), the court observed:

" * * * 'It is the duty of the courts to take the words of an insurance policy as they are found in it, and as persons with usual and ordinary understanding would construe them when used to express the purpose for which they were employed * * *.' Equitable Life Assurance Society of U. S. v. Adams, 259 Ky. 726, 83 S.W.2d 461, 464."

We are unable to find, nor has counsel for either the appellant or appellee cited us, any Alabama case with facts parallel or on all fours with those here under consideration. Many cases have been decided in the several states that depend on different purposes of the definition of "family" and "household."

We think, as did the trial court, that the case of Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 58 N.W.2d 855, 50 A.L.R. 2d 108, contains logic and reasoning, differentiations and conclusion, that are applicable to the case at bar and should in its essentials be followed by this court as decisive of this appeal.

A summary of the decision is that a judgment for damages sustained in an automobile accident having been recovered against the owner and operator thereof, garnishment proceedings were brought by the judgment creditor against the insurer, who defended on the ground, in addition to another, of exemption from coverage under an exclusionary clause with respect to an injury to "any member of the family of the insured residing in the same household as the insured." It appeared that the injured person was an adult brother of the insured, both of whom were unmarried and lived in the family home of their father, making contributions to their parents for board and room. The court found that the exclusionary clause precluded coverage of liability for injury to the insured's brother. The exclusionary clause there is the same as the one now before us on this appeal.

The opinion in the case of Tomlyanovich v. Tomlyanovich, supra, is quite elaborate in its treatment of the exclusionary clause, which, as we have said, is identical with the one here under consideration. A transcription of its text into this opinion would be very informative, but we feel that such transcription would unduly lengthen this opinion beyond practical necessity. The opinion contains an observation which, we think, is the crux of the case and supports the view we take of the case at bar. The observation is as follows:

"It is obvious that the word (family) is one of great flexibility and has 'many different meanings according to the connection in which it is used'. 35 C.J.S., Family, page 737.

"Here, the word 'family' is used in a clause restricting the liability of an indemnity insurer in an automobile policy. Its obvious purpose is to exempt the insurer from liability to one who would naturally and inevitably be partial to another because of the close filial ties which exist between members of the same family circle living in the same household. The same reasons exist for restricting its liability to those not members of such family circle whether the injured party is the head of the household, a child or spouse of the head, or simply a member of it. Under these circumstances, the words used should be given that meaning which they ordinarily would have in order to effectuate the obvious purpose intended by the exclusionary clause. The trial court correctly held that plaintiff was within the excluded class."

In the case of Home Ins. Co. v. Pettit, 225 Ala. 487, 143 So. 839, on certiorari to Court of Appeals, the court construed a contract of insurance protecting the insured against theft, robbery and pilferage, "excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occurs during the hourse (sic) of such service or employment or not."

It appears the facts in the case are that the father of assured owned the house, but that assured was a traveling salesman, and that his occupation required his traveling around and that he spent part of his time "over week ends" with his father, at his father's home. And it further appears "that the automobile, at the time it was stolen was kept by appellee locked, etc., in a garage about seventy-five yards from where appellee was staying, at the home of his father, and that upon the occasion of the theft of the car it was stolen by an uncle of appellee, who was temporarily in the home of appellee's father, as a guest of the family, sleeping at nights in a room with appellee; that appellee, in addition to his business as a salesman, was, at the time in question, engaged in the business of farming there at his father's home, in association with his father; that appellee did not invite said uncle into the said home."

The court observed:

" * * * The fact remains, however, and stands out in the case, that at the time the car was stolen the thief was occupying a room in the house with the assured. Whether by invitation or not, the thief while staying in the household, shared appellee's bedroom. The object and purpose of the exception in the contract was to protect the insurer against just such a liability as is attempted to be fastened against it in this case. The thief was in the assured's household—not that assured owned the home—but, to all intents and purposes of the contract of insurance, it was the assured's household."

Appellant cites the case of Allen v. Manasse & Mosely, 4 Ala. 554, 556, wherefrom, out of context, he quotes the following definition of "family":

" * * * To constitute such a family there must be a condition of dependence, and no mere aggregation of individuals will create this relation. * * *"

There, as pointed out in Tomlyanovich v. Tomlyanovich, supra, the purpose of the suit must be considered. The appellant Allen, in the case supra, suffered a levy of attachment at the instance of appellees Manasse & Mosely, on some personal property that was exempt under the laws of Alabama at that time from execution for the benefit of every family within the state, but not exempt to one, as did the plaintiff, who had a family in another state.

The Supreme Court of Alabama, on review of the case, held that the exemption applied only when connected with appellant's family in Alabama, to the end that they might not be injured by his destitution. Then the court observed: "To constitute *such a family* there must be a condition of dependence, and no mere aggregation of individuals will create this relation." [Emphasis supplied.] The purpose of the exemption law under consideration was being construed and the actual conditions which must obtain before this law became applicable or operative.

We do not think this definition has any pertinent value in a determination of the issues in the case at bar.

In the case of May and wife v. Smith, Edwards & McKeithen, 48 Ala. 483, cited by appellant, the court was construing the effect of a section of the Revised Code, on the liability of the wife's separate estate for medical services of a physician, and for medicines for which the husband was responsible at common law. The question posed: Are the children of the husband by a former marriage such members of the household or family, when residing in it as is contemplated by that statute? The court answered in the negative. We do not find in the opinion the definition of a "household" that appellant attributes to it in her brief here on file. The briefs of counsel for the parties on the appeal referred to cases containing a definition of "household," which are not controlling here on this appeal.

Appellant insists on the applicability to this appeal of the case of Jackson v. State Farm Mut. Automobile Ins. Co., La.App.,

·32 So.2d 52, 53,. decided by the Court of Appeals of Louisiana. We quote from that opinion, as did appellant in her brief, as follows:

"The case, as will be recalled from the former opinions, is a very unfortunate one in which a child sixteen months old was killed by an automobile driven by its uncle, Carl E. Toler, when he was backing out of the garage in a private yard. Mr. Toler occupied a room in the same house in which the child's parents lived. In fact it was his own house and' they all lived together under some arrangement which apparently was mutually satisfactory to them all in so far as any charges for rent and for board and lodging were concerned. This living arrangement between them formed the basis of another special defense which had been urged by the defendant under the policy which it had issued.

"When the case was first before him, the trial judge, in his written opinion, stated that under the facts adduced, the principle under which the defendant sought to be released on the ground that the uncle and the parents were members of the same household and which provided one of the exceptions in the policy,. could not be applied. That point is not urged before us now and even if it were we would be inclined to agree with the trial judge that their mere living together under the circumstances shown, did not make the parties members of the same household under which defendant could be relieved of liability under the exception as claimed by it."

 While this case gives sustention and comfort to appellant's contention that the "family and household" relationship does not obtain here under the evidence, we are disposed to the view that the Minnesota case and the other cases cited therein with like import are sounder and the principles of law there pronounced, so far as they pertain to the issues in this case, should be the law of this state.

We are of the opinion that the lower court correctly decided this cause, and the decree of that court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was. adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur..