228 So.2d 4

**Hattie BLOW, as Administratrix of the Estate of Maggie Martin, Deceased,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
a Body Corporate.

**5 Div. 855.**

Supreme Court of Alabama.

Nov. 7, 1969.

———◆———

· Speaks & Burnett, Clanton, for appellant.

Reynolds & Reynolds, Clanton, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a decree of the Circuit Court of Chilton County, Alabama, in Equity.

Hattie Blow, as Administratrix of the Estate of Maggie Martin, deceased, filed a complaint of one count in the Circuit Court of Chilton County, Alabama, on the 30th day of January, 1967, against John Robert Ellison, as defendant, claiming damages in the amount of $50,000.00 under the Homicide Statute, Section 123, Title 7, Code of Alabama 1940 (Recompiled in 1958). It was alleged in the complaint that plaintiff's intestate, Maggie Martin, deceased, was riding in an automobile on a public highway in Chilton County, Alabama, on the 30th day of January, 1966, when said automobile, being operated at the time by the defendant Ellison, was caused to collide with a freight train of the Louisville and Nashville Railroad Company; that, as a proximate result of said collision, plaintiff's intestate sustained injuries from which she died within a few hours; and that the death of plaintiff's intestate was proximately caused by the willful or wanton conduct of the defendant Ellison. Plaintiff demanded a jury trial in the cause.

Without any further proceedings in the action at law, State Farm Mutual Automobile Insurance Company, a body corporate, as complainant, filed, on the 10th day of March, 1967, in equity, a bill of complaint against Hattie Blow, as administratrix of the estate of Maggie Martin, deceased, and John Robert Ellison, plaintiff and defendant, respectively, in the action at law, seeking a declaratory judgment to determine its obligation to defend the defendant Ellison in the action at law, and also to determine its liability to pay any judgment which might be rendered against the defendant Ellison in the action at law under a policy of automobile liability insurance issued to the defendant Ellison whereby the insurer, State Farm, agreed to indemnify the defendant insured from any liability which said insured might legally become obligated to pay on account of such action. Complainant prayed that a temporary writ of injunction be issued restraining the plaintiff from proceeding further with the action at law, and that upon final hearing the injunction be made permanent.

The equity court issued a temporary writ of injunction as prayed for, holding the action at law in status quo upon the execution of a bond; such a bond was executed and approved, whereupon the temporary writ of injunction issued.

Demurrers to the bill of complaint filed by the respondents were overruled; each respondent then filed an answer. Included in the answer of the respondent Blow, as Administratrix, was a motion to dissolve the temporary writ of injunction.

In its bill of complaint, the complainant averred that it was not obligated to defend the insured in the action at law and that it was not obligated under the automobile liability policy to pay any judgment which might be rendered against said insured, such averments being based upon a provision of the policy under "EXCLUSIONS—PART I," to wit:

"This insurance does not apply under: * * * "(i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

Complainant further averred that at the time of the injury causing the death of Maggie Martin, deceased, she was a member of the family of the insured, John Robert Ellison, residing in the same household as said insured. Respondent Ellison in his answer denied this averment and demanded strict proof thereof. Respondent Blow, as administratrix, also denied the averments of the bill of complaint.

The lower court stated the issue before it to be as follows:

"The issue before me, if I understand it correctly, gentlemen, would be this. Whether or not the deceased was a member of the family of Robert Ellison, residing in the same household with him, and that's the issue that's before me here."

The trial court, upon hearing the evidence ore tenus, rendered a decree in favor of the complainant and against the respondents. It was ordered, adjudged and decreed that the complainant should be absolved from any liability on its contractual obligation to defend the insured in the action at law and that the complainant should be absolved from any liability arising out of any claims based upon the accident or any judgments that might be rendered based on any claim arising out of the accident.

Hattie Blow, as administratrix, appealed from the decree rendered by the trial court. She gave notice of said appeal to the respondent Ellison, who declined to join in the appeal.

Only one witness was called at trial, that being the respondent Ellison, called by the complainant. His testimony tends to establish the facts of the case, condensed for purposes of this opinion, to be as follows: State Farm Mutual Automobile Insurance Company, a body corporate, issued to John R. Ellison a policy of automobile liability insurance whereby John R. Ellison was insured against any loss by claim made for bodily injury which the said insured might legally become obligated to pay; such liability was limited, however, to $10,000.00 for one person and $20,000.00 resulting from any one accident. Maggie Martin, deceased, was a passenger in the automobile being operated by John R. Ellison at the time said automobile was caused to collide with a train, thereby resulting in injuries to Maggie Martin from which she died within a few hours. The accident occurred on the 30th day of January, 1966 at which time the policy was in force. Laura Ellison the wife of John R. Ellison was the sister of Maggie Martin deceased. At the time of the accident the three individuals resided together in a house belonging to the two sisters.

There are two assignments of error on this appeal. Assignment of error 1 is to the effect that the lower court erroneously overruled the motion to dissolve the interlocutory injunction granted State Farm. In brief appellant states: "This Assignment is necessarily predicated on the alleged erroneous conclusion of the Lower Court as set out in Assignment of Error No. 2." Assignment of error 2 is that the lower court erred in its determination that Maggie Martin deceased was a member of the family of the insured residing in the same household as the insured on the date of the accident involved. We therefore first direct our attention to assignment of error 2.

We deem it necessary to our disposition of assignment of error 2 that certain pertinent sections of the policy of insurance be set out below.

Coverages A and B set forth under the heading, PART I—LIABILITY AND MEDICAL PAYMENTS," are as follows:

"COVERAGES A and B—(A) Bodily Injury Liability and (B) Property Damage Liability. (1) To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons, and (B) property damage, caused by accident arising out of the ownership, maintenance or use, including loading and unloading, of the owned automobile; and to defend, with attorneys selected by and compensated by the company, any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable hereunder even if any of the allegations of the suit are groundless, false, or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

Under the heading "EXCLUSIONS—PART I," there appears the following exclusionary clause:

"This insurance does not apply under: * * * "(i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

The term "insured" is defined under the heading "DEFINITIONS—PART I," as follows:

"Insured—under coverages A and B, the unqualified word 'insured' means (1) the named insured, and if the named insured is an individual, his spouse if a resident of the same household, (2) any other person while using the owned automobile, provided the operation and the actual use of such automobile are with the permission of the named insured or such spouse and are within the scope of such permission, and (3) any person or organization legally responsible for the use thereof by an insured as defined under the two subsections above."

Appellant's argument in support of assignment of error 2 is to the effect that a sister-in-law is not related by blood or consanguinity to the insured and is not a "relative." That is not the question and we see no relevancy in appellant's argument to the question here presented; that is, whether Maggie Martin, deceased, was a member of the family of the insured, residing in the same household as the insured. We do point out, however, that a blood relationship between Maggie Martin, deceased, and the "insured" may be established under the above-quoted sections of the policy. The "named insured" in the policy is John R. Ellison. The evidence is undisputed that Laura Ellison, at the time of the accident, was the spouse of the "named insured," John R. Ellison. Therefore, under the definition of the term "insured," as stated by the insurer to be applicable under coverages A and B, Laura Ellison is just as much an "insured," within the meaning of the language of the policy, as is the "named insured," John R. Ellison. The exclusionary clause uses the term "insured," not "named insured." Maggie Martin, deceased, was a sister of the "insured," Laura Ellison.

The evidence pertinent to the question presented tends to show that the house in which John R. Ellison, Laura Ellison and Maggie Martin, deceased, had resided together for quite a while belonged to the two sisters. The deceased had never been married. The three individuals shared the house, the facilities, and the furniture. They ate their meals together at the same table. John R. Ellison bought the food which they consumed, other than that which he raised in a garden. The deceased earned some money picking peach-

es and tomatoes in the area; she paid for her personal needs. John R. Ellison paid no rent on the house belonging to the sisters; however, he did rent a house nearby for the purpose of storage.

In Holloway v. State Farm Mutual Automobile Insurance Co., 275 Ala. 41, 151 So.2d 774, this Court was confronted with the question of whether the deceased, Mrs. Drew, was a member of the family of the insured, Mrs. Glover, residing in the same household as the insured at the time of the accident causing her death. We there recited the facts as follows:

"The facts pertinent to a judicial determination of the applicability of the foregoing exclusionary clause are not essentially in dispute. Mrs. Glover and the deceased were sisters of mature age. The husband of Mrs. Drew died in 1919, after which she went back to the home of her father and mother and there remained until her untimely death from injuries inflicted in the accident. After the parents died, Mrs. Glover, sometime soon after or during 1949, purchased the homestead of the parents from the heirs at law. She, a widow without children, moved into the home where she and her sister, Mrs. Drew, roomed together and equally shared the grocery expense. Mrs. Drew paid some on the utilities service. Each bore her own personal expenses. Mrs. Drew had some money which was supplemented by a monthly welfare check of $58. They cooked and ate together. Mrs. Glover furnished Mrs. Drew a place to live in her home free of rent. Each preserved her own personal independence and was not under control of the other. * * *" Id., at 43, 151 So.2d at 775.

On the basis of the above-stated facts, this Court held that Mrs. Drew, the sister of Mrs. Glover, was a "member of the family of the insured residing in the same household as the insured" within the meaning of the exclusionary clause of the insurance policy. We find no such distinguishing characteristics in the instant case as would permit a holding different than that which we rendered in the case of Holloway v. State Farm Mutual Automobile Insurance Company, supra.

It is true that we reached an opposite conclusion in the more recent case of State Farm Mutual Automobile Insurance Company v. Hanna, 277 Ala. 32, 166 So.2d 872. However, that case is readily distinguishable on the facts from Holloway v. State Farm Mutual Automobile Insurance Company, supra, and the case at bar. The evidence in State Farm Mutual Automobile Insurance Company v. Hanna, supra, tended to show that, at the time of the accident made the basis of the lawsuit, Philip Hanna, the insured, was 20 years of age and in his third year as a student at Howard College in Birmingham, Alabama. His parents at that time were domiciled in East Tallassee, Alabama. Philip returned to the home of his parents for summer vacations, school holidays, and occasional week ends. Philip's father was injured in an accident while Philip had his automobile in the yard of his parents on a week-end visit. Upon being called to defend the action brought by the father for personal injuries, State Farm, the insurer, asserted that it was not obligated to defend, one of the grounds being the same exclusionary clause as is here in question. After reviewing the evidence, we there held that Philip Hanna, the insured, was not "residing in the same household" when the father was injured in an automobile accident when the insured was home from college for a week end, and that the accident was not excluded under the automobile liability policy which excluded coverage for injury to the insured or any member of the family residing in the same household as the insured. In the instant case, it is to be noted that the deceased, Maggie Martin, had lived together in the dwelling with John and Laura Ellison continuously and for "quite a while" (at least two years). Such occupancy is not comparable to the sporadic visits of Philip Hanna to the home of his parents

in State Farm Mutual Automobile Insurance Co. v. Hanna, supra, nor to the permanent cohabitation of the sisters in Holloway v. State Farm Mutual Automobile Insurance Co., supra.

That which was said by the Supreme Court of South Carolina in Hunter v. Southern Farm Bureau Casualty Insurance Co., 241 S.C. 446, 129 S.E.2d 59, a case involving the same type of exclusionary clause as is presented in the case under review, is pertinent to our decision:

"* * * The purposes of the exclusion clause is to exempt the insurer from liability to those persons whom the insured, on account of close family ties, would be apt to be partial in case of injury. Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 58 N.W.2d 855, 50 A.L.R.2d 108; Cartier v. Cartier et al., 84 N.H. 526, 153 A. 6.

"In the light of the clear purposes intended to be accomplished by the exclusionary clause in question, we think that the term 'family,' as here used, includes 'such persons as habitually reside under one roof and form one domestic circle.' Johnson v. State Farm Mutual Automobile Ins. Co., 8 Cir., 252 F.2d 158. If the injured person is a member of such family circle, liability of the insurer is excluded." Id., at 61.

We find no error on the part of the trial judge in concluding, under the facts presented, that Maggie Martin, deceased, was a member of the family of the insured residing in the same household as the insured at the time of the accident, and thereby excluded from the coverage of the automobile liability policy under the exclusionary clause contained therein.

As stated above, appellant *necessarily* predicated assignment of error 1 on the alleged error set forth in assignment of error 2. Having decided that assignment of error 2 is without merit, it is unnecessary that assignment of error 1 be considered by this Court.

The decree of the lower court is due to be affirmed. It is so ordered.

Affirmed.

LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.