Progressive Specialty Insurance Company appeals by permission, pursuant to Rule 5, Ala. R.App. P., from a denial of its motion for a summary judgment. We answer the controlling question of law presented to us by this appeal, reverse the trial court's judgment, and render a judgment in favor of Progressive.
 Facts and Procedural History
Dana D. Green was killed in an automobile accident on January 25, 2002. The motorist responsible for the accident was never identified. Dana was the only named insured on an automobile insurance policy issued by Progressive. On May 24, 1999, Dana had signed a form entitled "Rejection of Uninsured/Underinsured Motorist Coverage." The form states in pertinent part:
 "I have been offered Uninsured/Underinsured Motorist Coverage up to an amount equal to the limits of the liability coverage and I reject the option to purchase any Uninsured/Underinsured Motorist Coverage. I understand that Uninsured/Underinsured Motorist Coverage would have protected me, my resident relatives, and occupants of a *Page 365 
covered vehicle if any of us sustain bodily injury, including any resulting death, in an accident in which the owner or operator of a motor vehicle who is legally liable does not have insurance (an uninsured motorist) or does not have enough insurance (an underinsured motorist)."
(Boldface type in original.)
Following Dana's death, Judy O'Neill Green, Dana's wife, sued Progressive, in her individual capacity, alleging that Progressive owes her uninsured-motorist benefits because Dana's death was caused by an uninsured motorist as that term is defined under his Progressive automobile insurance policy. She contends that, although Dana had expressly rejected uninsured-motorist coverage, she is nonetheless entitled to uninsured-motorist benefits under Dana's policy because, she says, she is a "named insured" and she did not reject uninsured-motorist coverage.
Progressive moved the trial court for a summary judgment in its favor. The trial court denied Progressive's motion for a summary judgment. Progressive petitioned for permission under Rule 5, Ala. R.App. P., to appeal from the interlocutory order denying its summary-judgment motion and asked the trial court to certify that the interlocutory order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an interlocutory appeal would materially advance the ultimate termination of the litigation and avoid protracted and expensive litigation. See Rule 5(a), Ala. R.App. P. This Court granted Progressive's petition for permission to appeal the trial court's order denying its summary-judgment motion.
 Analysis
The trial judge certified the following controlling question of law for review:
 "Whether . . . a spouse of a deceased person, who brings a wrongful death lawsuit for the death of her spouse, can seek uninsured or underinsured motorist benefits for the death even though the deceased, who was the sole named insured, himself expressly rejected uninsured motorist benefits in his insurance application."
We answer the question in the negative. A spouse of a deceased person, who was not specifically named as an insured on the deceased person's insurance policy, cannot receive uninsured-motorist benefits if the deceased, who was the sole named insured, expressly rejected uninsured-motorist benefits.
There appears to be confusion in the record as to whether Judy brought the claim against Progressive individually or as Dana's personal representative under the Wrongful Death Act, Ala. Code 1975, § 6-5-410.[1] The trial judge's question states that this action is a wrongful-death action. However, Judy states clearly in her brief that "[i]t is crucial to note that the claim against Progressive is not brought under the Wrongful Death Act. Rather, the claim against Progressive is for uninsured motorist benefits." Judy Green's brief, p. 7. In addition, her complaint does not allege a claim under the Wrongful Death Act. Therefore, we will analyze the question presented on the presumption *Page 366 
that Judy brought a claim for uninsured-motorist benefits on her own behalf and not in any representative capacity.
It is undisputed that Dana was killed in an automobile accident caused by an unidentified motorist. An automobile driven by an unidentified motorist falls within the definition of an uninsured motor vehicle in Progressive's policy.
 "`Uninsured motor vehicle' means a land motor vehicle or a trailer of any type . . .
 "d. that is a hit-and-run vehicle whose operator or owner cannot be identified and which causes an accident resulting in bodily injury to an insured person."
(Boldface type in original.)
If the insured pays a premium for uninsured-motorist coverage, then the insured is entitled to benefits under the policy for any harm caused by an uninsured motor vehicle. It is undisputed that Dana expressly rejected in writing uninsured-motorist benefits under his automobile insurance policy with Progressive. Therefore, Dana had never paid premiums for uninsured-motorist coverage, and Dana was not entitled to uninsured-motorist benefits. Judy, however, claims that, as Dana's spouse, she is a "named insured" under the terms of Dana's Progressive policy. Her argument is that because she is a "named insured" and she did not reject the uninsured-motorist coverage, under Alabama's uninsured-motorist statute, § 32-7-23, Ala. Code 1975, she is entitled to uninsured-motorist benefits.[2]
We cannot conclude that Judy is a named insured under Dana's policy with Progressive. Judy acknowledges that the only "named insured" listed on the declarations page of the policy is Dana. She contends, however, that she is also a "named insured" within the meaning of the policy because of the following language found in the definitions section of the policy:
 "16. `You' and `Your' mean a person shown as a named insured on the Declaration Page, and that person's spouse if residing in the same household."
(Boldface type in original.) She alleges that "[t]hroughout the policy, `you' and `your' are used to give Judy Green the exact same rights under the policy that her husband, Dana Green had." Judy Green's brief, p. 4. Judy contends that because she has the same rights as Dana had, she is a "named insured" under the terms of the policy and it is "immaterial that her name was not included on the Declarations Page." Judy Green's brief, p. 4. The policy language Judy quotes does *Page 367 
not expand the scope of the term "named insured" to include the named insured's spouse. The fact that the terms "you" and "your" are defined to include both the named insured — the person named on the declarations page of the policy — and the named insured's spouse actually makes clear that the named insured's spouse is not a named insured. This Court has held that "[i]nsurance contracts are to be enforced as they are written, as long as there is no ambiguity in the provisions involved." Watkins v.United States Fid. Guar. Co., 656 So.2d 337, 339 (Ala. 1994) (citing St. Paul Mercury Ins. Co. v. Chilton-Shelby MentalHealth Ctr., 595 So.2d 1375, 1377 (Ala. 1992)). Dana's Progressive policy unambiguously distinguishes the "named insured" from the "named insured's spouse." Although "you" is defined to refer to both Judy and Dana, "named insured" does not refer to both. Therefore, we conclude that Judy was not a "named insured" under Dana's automobile insurance policy with Progressive.[3]
Because we have concluded that Judy is not a "named insured" under Dana's policy, her reliance on the Court of Civil Appeals' decision in Nationwide Insurance Co. v. Nicholas, 868 So.2d 457
(Ala.Civ.App. 2003), is misplaced. She cites Nicholas to support her argument that because she is a "named insured" under Dana's automobile insurance policy with Progressive and she did not explicitly reject uninsured-motorist coverage, she is entitled to uninsured-motorist benefits under § 32-7-23, Ala. Code 1975. Nicholas, however, is distinguishable from this case. InNicholas, the parents of Kirk Nicholas, Jr., a 19-year-old driver who was killed in an automobile accident caused by an underinsured driver, sought underinsured-motorist benefits, which were included in the uninsured-motorist benefits provision in their automobile insurance policy. The Nicholases' policy listed both parents, Kirk Nicholas, Sr., and Lynette Nicholas, as named insureds. Kirk Nicholas, Sr., signed a statement rejecting uninsured-motorist coverage, but Lynette Nicholas did not. The issue presented to the Court of Civil Appeals was: "[W]hen a policy lists more than one named insured, must each named insured expressly reject uninsured-motorist coverage, or is the rejection by one of the named insureds effective as a rejection of such coverage on behalf of all the named insureds?"868 So.2d at 459-60. The *Page 368 
Court of Civil Appeals concluded that rejection of uninsured-motorist coverage by one of the named insureds is not effective as a rejection on behalf of all named insureds. The ultimate resolution of the question whether one named insured can reject uninsured-motorist coverage for all the named insureds is simply inapplicable to this case because Dana was the only named insured on the policy.
 Conclusion
We answer the question posed on this permissive appeal in the negative: A spouse of a deceased person, who was not a named insured on the deceased person's insurance policy, is not entitled to uninsured-motorist benefits if the deceased, who was the sole named insured, expressly rejected uninsured-motorist benefits. Because our answer to the question presented effectively terminates this litigation, we reverse the trial court's judgment and render a judgment in favor of Progressive.
REVERSED AND JUDGMENT RENDERED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Under the Wrongful Death Act, Judy fulfills the statutory definition of a personal representative who could bring a claim on behalf of Dana's estate. "The words `personal representative' are broader in some respects, but when used in [the Wrongful Death Act] they can only mean the executor or administrator of the injured testator or intestate." Downtown Nursing Home, Inc.v. Pool, 375 So.2d 465, 466 (Ala. 1979) (citing Hatas v.Partin, 278 Ala. 65, 175 So.2d 759 (1965)).
[2] Section 32-7-23(a), Ala. Code 1975, states:
 "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of Section 32-7-6, under provisions approved by the Commissioner of Insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."
[3] Judy also alleges that "in reported cases where `named insured' is defined by the policy, it is customarily defined to be the person whose name is on the declarations page and that person's spouse." Judy Green's brief, p. 5 (emphasis in original). In support of her assertion, Judy merely cites cases without providing pinpoint citations to the pertinent pages. The automobile insurance policies at issue in those cases explicitly defined the term "named insured" to include both the named insured listed on the policy and his or her spouse, if they resided in the same household. See State Farm Mut. Auto. Ins.Co. v. Jackson, 462 So.2d 346, 350 (Ala. 1984), Alabama FarmBureau Mut. Auto. Ins. v. Pigott, 393 So.2d 1379, 1381 (Ala. 1981), Mathis v. Employers' Fire Ins. Co., 399 So.2d 273, 274
(Ala. 1981), Alabama Farm Bureau Mut. Cas. Ins. Co. v.Government Employment Ins. Co., 286 Ala. 414, 418,240 So.2d 664, 667 (1970), Blow v. State Farm Mut. Auto. Ins. Co.,284 Ala. 687, 690, 228 So.2d 4, 6-7 (1969), Hogg v. State Farm Mut.Auto. Ins. Co., 276 Ala. 366, 367, 162 So.2d 462, 462-63 (1964), and Johns v. State Farm Mut. Auto. Ins. Co., 41 Ala.App. 615,616, 146 So.2d 323, 324 (1962). Thus, those cases are readily distinguishable from this one. Even if most automobile insurance policies do define named insured to include a spouse residing in the same household, this case is controlled not by the language of those policies, but by the language of Dana's policy with Progressive, and his policy does not define "named insured" to include the named insured's spouse. Therefore, those cases do not support Judy's contention that industry custom and practice requires a finding that she is a "named insured" under Dana's Progressive policy.