[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11766
Non-Argument Calednar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-04733-CV-SLB

MARK RIMAS,

Plaintiff-Appellant,

versus

PROGRESSIVE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 11, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Mark Rimas appeals the district court's grant of summary judgment in favor of Progressive Insurance Company on his breach of contract and bad faith claims. Rimas contends he was entitled to uninsured motorist coverage under a Progressive motorcycle policy issued to another party because Rimas, a listed driver on the policy, never rejected uninsured motorist coverage. After thoroughly reviewing the record and considering the parties' briefs, we affirm.

Wendell Robinson purchased the motorcycle policy at issue in this case, and the policy was issued in his name. Rimas is listed in the "Drivers and household residents" section of the policy's Declarations Page. The Progressive agent who sold Robinson the policy knew the vehicles covered by the policy "were for the Rimas[es]." When Robinson purchased the policy, he expressly waived uninsured/underinsured motorist coverage. The waiver provides:

> I understand and agree that this rejection of Uninsured/Underinsured Motorist Coverages shall be binding on all persons insured under the policy, and that this rejection shall also apply to any renewal, reinstatement, substitute, amended, altered, modified, or replacement policy with this company or any affiliated company, unless a named insured submits a request to add the coverage and pays the additional premium.

Robinson is the only party that signed the waiver.

Under Alabama law, all motor vehicle liability insurance policies must provide uninsured/underinsured motorist coverage unless the named insured

2

rejects such coverage. Ala. Code § 32-7-23 (1975). In *Progressive Specialty Ins. Co. v. Naramore*, 950 So. 2d 1138 (Ala. 2006), the Alabama Supreme Court confronted a situation much like that before us. Hannah Naramore was struck by an uninsured motorist while attempting to cross the street. *Id.* at 1138. Her mother, Stephanie Naramore, was the sole named insured on a Progressive automobile insurance policy. *Id.* When she purchased the policy, Stephanie signed a form rejecting uninsured motorist coverage. *Id.* This waiver is identical to the one signed by Robinson in this case. Hannah's father, Stephen Naramore, brought an uninsured motorist claim against Progressive on behalf of Hannah. *Id.* The Alabama Supreme Court held Stephen, who was not a named insured, was not entitled to uninsured motorist coverage, despite the fact that he never signed the waiver. *Id.* at 1142. The Court noted, "once Stephanie, as the sole named insured, rejected the uninsured/underinsured-motorist coverage, those benefits were no longer available to Stephen or to Hannah." *Id.*

Like Stephen in *Naramore*, Rimas was not a named insured on the Progressive motorcycle policy. The policy does not define "named insured," but Robinson purchased the policy, and it was issued in his name. The policy was not issued in Rimas's name and instead listed Rimas as a driver and household resident. Rimas was certainly insured under the policy, but this does not mean he

3

was a named insured, one who would be entitled to uninsured motorist coverage unless he explicitly waived it. Since Rimas was not a named insured, he had no right to sign the uninsured motorist coverage waiver. *See id.* Thus, he is not entitled to uninsured motorist coverage on account of his never having rejected it.

Rimas contends he was an "intended insured" and a "listed insured," and as such, was entitled to uninsured motorist coverage unless he rejected it. However, he cites no case law whatsoever to support this conclusion. Indeed, it is common that a named insured intends others to be covered under the policy he purchases, but not everyone who is covered under such a policy is entitled to uninsured motorist coverage unless he specifically rejects it. Under Alabama law, only named insureds are. *See Progressive Speciality Ins. Co. v. Green*, 934 So. 2d 364, 368 (Ala. 2006) (holding a deceased person's spouse, who was not a named insured on the deceased person's policy, is not entitled to uninsured motorist coverage when the deceased expressly rejected uninsured motorist benefits).

The "Uninsured/Underinsured Motorist Coverage" waiver signed by Robinson bolsters our conclusion that Rimas did not have to sign the waiver for it to be enforceable against him. The rejection provides: "I understand and agree that this rejection of [UM/UIM coverage] shall be binding on all persons insured under the policy . . . ." While Alabama law requires the named insured to waive

4

uninsured motorist coverage, this policy language unambiguously indicates the policy does not require the signatures of all the parties insured under it for the rejection of uninsured motorist coverage to be valid. Further supporting our conclusion that Rimas is not entitled to uninsured motorist coverage is the fact that neither Robinson nor Rimas ever paid premiums for this coverage. *See Naramore*, 950 So. 2d at 1142 n.4. We cannot afford coverage where the policy provides none.

In sum, because Rimas was not a named insured, his affirmative rejection of uninsured motorist coverage was not required for that coverage to be waived. Robinson's waiver of uninsured motorist coverage operated to waive such coverage for all the insureds under his policy, including Rimas. Thus, we affirm the district court's grant of summary judgment in favor of Progressive on Rimas's breach of contract claim and the related bad faith claim.

**AFFIRMED.**