## Boulo v. The State.

### Indictment for Assault with Intent to Murder.

*Plea in abatement to indictment, on account of defects in grand jury.* — Under the statutes of this State (Rev. Code, §§ 4087, 4187), a plea in abatement to an indictment, on account of any disqualification or incompetency of any one or more of the grand jurors by whom it was found, or any irregularity in the drawing and summoning of the grand jurors, "except that they were not drawn in the presence of the officers designated by law," cannot be entertained. These statutory provisions are not affected by the act approved Dec. 31, 1868, entitled "An act to amend section 4063 of the Revised Code." Sess. Acts 1868, p. 551.

FROM the City Court of Mobile.

Tried before the Hon. C. F. MOULTON.

The prisoner in this case was indicted for an assault on John Wolfe with intent to murder him. He pleaded in abatement to the indictment: 1st, that Henry Carver, one of the grand jurors by whom it was found, was incompetent to act as a grand juror, because he was over sixty years of age; and, 2d, that the grand jurors were not drawn and selected according to law, because they were not selected from the list of registered voters of the county, without distinction or discrimination on account of race or color, but persons of color were ignored and rejected, and white persons only were selected, " whereby this defendant was and is deprived of his civil rights and privileges." The court sustained a demurrer to these pleas, and its ruling on the demurrer is here assigned as error. The record does not show what causes of demurrer, if any, were specially assigned.

ALEX. MCKINSTRY, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The common law, as recognized in this State, made it a fatal objection to an indictment, to be presented by a plea in abatement, that the grand jury finding it were not drawn, selected, summoned, and empanelled as required by law; or that any one or more of the grand jurors had not the prescribed qualifications, or were disqualified from serving as jurors. *Collier* v. *State*, 2 Stew. 388; *State* v. *Williams*, 3 Stew. 454; *State* v. *Williams*, 5 Port. 130; *State* v. *Greenwood*, Ib. 474; *State* v. *Middleton*, Ib. 484; *State* v. *Ligon*, 7 Port. 167; *Nugent* v. *State*, 19 Ala. 540; *Morgan* v. *State*, Ib.

[Boulo v. State.]

556. In its practical operation, this rule led to mere technical, and, sometimes, captious objections, which delayed criminal prosecutions, and impeded a fair, just administration of the criminal law. To obviate these consequences, and at the same time not to impair the right of persons accused of crime to an investigation and presentment by a grand jury of "good and lawful men," the Code of 1852 declared it the duty of the court to ascertain, before the grand jury was charged, that the persons composing it possessed the requisite qualifications, and prohibited any challenge to the array. Code of 1852, § 3471. It was also provided, that no objection should be taken to an indictment, by plea in abatement or otherwise, on the ground that any member of the grand jury was not legally qualified as a juror, or to pass on an indictment against the defendant; or that the persons composing the grand jury were not legally drawn or summoned; or on any other ground going to the formation of the grand jury, except that they were not drawn in the presence of the officers, or a majority of them, designated by law. Code of 1852, § 3591. These provisions were incorporated in the Penal Code of 1866, and are now embodied in the Revised Code. R. C. §§ 4087, 4187.

It is not asserted in either of the pleas in abatement, that the grand jurors were not drawn in the presence of the officers designated by law. The first plea in abatement simply avers the disqualification of a single member of the grand jury. The second is, that the officers charged by law with the duty of drawing and selecting the grand jury discriminated against persons on account of race and color. Entertaining these pleas would have been a direct violation of the statute to which we have referred. The second plea would scarcely have been entertained at common law, either as ground of challenge to the array, or as matter of abatement of the indictment. It is not pretended that the jurors selected did not possess the requisite qualifications, or that they were not unexceptionable. When, at common law, the jurors selected were unexceptionable, it was not matter of objection, that others equally unexceptionable were excluded. People v. Jewett, 3 Wend. 314. The demurrers to the pleas were properly sustained.

There is no reason for apprehending that, under our statutes, any right of persons accused will be prejudiced by the selection and empanelling of an improper grand jury. On the court is devolved the duty of ascertaining that each juror possesses the requisite qualifications, as a preliminary to giving in charge to the jury the duties they are required to perform. This duty the court uniformly observes, thereby guarding against the introduction of persons not fit or qualified to serve. Any person, as amicus curiæ, can suggest the unfitness of any juror; and,

if necessary, the court would hear evidence, and determine the question. If the officers charged with the duty of drawing, selecting, and summoning the jury are negligent or unfaithful, a suggestion to the court would lead to an investigation, and the setting aside of the panel. If they wilfully disregard the provisions of the statute, they would subject themselves to punishment for an abuse of their authority and a contempt of court. They have no power to exclude any person on the list of registered voters, whom they do not know or have good reason to believe is disqualified by law. They should know or believe the person excluded to be under the age of twenty-one years, or over the age of sixty years, or a habitual drunkard, or afflicted with a permanent disease, or incompetent to discharge with honesty, impartiality, and intelligence the duty of a juror, or not esteemed in the community for integrity, fair character, and sound judgment. This is surely a better course, more promotive of a speedy and just administration of law, than, in any and every criminal case, the interposition of challenges or dilatory pleas.

The Revised Code, pursuing the provisions of the Code of 1852, required juries, grand and petit, to be selected from the list of householders and freeholders residing in the county. R. C. §§ 4062–3. The act of 1868 (Pamph. Acts 1868, p. 551) changed these sections of the Code, only so far as to require the selection of the juries from the lists of registered voters, instead of the list of householders and freeholders. This is the full extent of its operation. It does not affect any other statutory provisions than those contained in the sections of the Code last referred to. By its title, it purports to be an amendment of section 4063 of the Revised Code. In the body of the statute that section is recited, and is there amended in the respect we have stated. It is not at all in conflict, but perfectly consistent — as consistent as was the section of the Code amended — with sections 4087 and 4187.

There is no error in the record, and the judgment is affirmed.