[Ex parte McCoy.]

# Ex parte McCoy.

*Application for Mandamus to Circuit Judge, on refusal to Quash Venire for Grand Jury.*

1. *Drawing of grand jurors; irregularities not availing to quash venire.*—The several statutory provisions relating to the drawing and selection of grand jurors, requiring the sheriff to procure biennially a list of the householders and freeholders of the county, and prescribing the manner in which the drawing shall be conducted, the lists prepared and kept, etc. (Code, §§ 4732–43), are expressly declared to be "merely directory" (*Ib.* § 4759); and their non-observance by the officers charged with the duty of drawing and selecting the grand jurors, no fraud, corruption, or partiality being shown, is no ground for quashing the *venire*, before indictment found, at the instance of a person who is in custody under a criminal charge.

THIS was an application, by petition, at the suit of W. J. R. W. McCoy, for a writ of *mandamus*, or other appropriate writ, directed to the Hon. JOHN P. HUBBARD, presiding in the Circuit Court of Butler, commanding and requiring him to quash the *venire* of grand jurors summoned for the November term, 1880, of said court, for the causes particularly set forth and specified in the petitioner's motion for that purpose, as made in said court and overruled. It appears from the petition and the accompanying exhibit, showing the proceedings had on the motion in the court below, that the petitioner was under bond conditioned for his appearance at said term of the court to answer a criminal charge; that on the opening of the court, before the organization of the grand jury, he "challenged the array of grand jurors, moved to quash the *venire*, and suggested to the court, as *amicus curiæ*, that the *venire* should be set aside and annulled," on account of alleged irregularities in the drawing and selection of the jurors, which were particularly stated, numbering seventeen in all; that the court thereupon examined, on oath, the probate judge, sheriff, and clerk of the Circuit Court, each of whom testified as to all the facts connected with the drawing and selecting of the jurors, grand and petit, as conducted by them for said term of the court; that on the evidence adduced the court overruled the petitioner's motions and suggestion, and proceeded to organize the grand jury; and that the petitioner duly excepted to this ruling and action of the court. The testimony of these witnesses, which is set out at length in the transcript as part of the bill of exceptions,

[Ex parte McCoy.]

shows various irregularities in the drawing and selecting of the jurors by them; as, for instance, that the list from which the names were drawn was procured by the sheriff more than two years previously, and was taken by him from one of the " tax-books " in the office of the probate judge; that the names, as drawn one by one, were placed on the list of grand jurors, or of petit jurors for the different weeks, according to the precinct in which the persons lived, or their former service as jurors; that a list of the persons rejected was not kept; that the lists were not deposited in separate boxes, &c., &c.

J. C. RICHARDSON, for the petitioner, contended that the numerous irregularities in the drawing and selecting of the jurors vitiated the proceedings, and were good cause for a motion to quash the *venire*, since they were not available on plea or motion in defense of an indictment; citing the following authorities:   1 Bishop's Crim. Pro. §§ 877–8; *Brooks v. The State*, 9 Ala. 13; *Brazier v. The State*, 44 Ala. 387; *Boulo v. The State*, 51 Ala. 19; *Moses v. The State*, 58 Ala. 119; *Williams v. The State*, 5 Porter, 135; *Finley v. The State*, 61 Ala. 205.

GAMBLE & BOLLING, *contra.*—The grand jurors were drawn in the presence of the officers designated by law, and mere irregularities or informalities in their proceedings avail nothing.—Code, §§ 4759, 4889; *Cross v. The State*, at the late term; *O'Byrnes v. The State*, 51 Ala. 25; *Dotson v. The State*, 62 Ala. 141; *Boulo v. The State*, 51 Ala. 18.

STONE, J.—Each and every of the duties, the non-observance of which is urged as a ground for quashing and setting aside the *venire* for the grand jury, is declared by the statute to be directory, and furnishes, of itself, no predicate for the relief prayed for in this case.—Code of 1876, §§ 4759, 4889, 4890; *Boulo v. The State*, 51 Ala. 18; *Dotson v. The State*, 62 Ala. 141; *Cross v. The State*, 63 Ala. 40.   We need not, and do not, inquire what would be the duty of the presiding judge, if corruption, fraud, or partiality in the drawing of the jury, were charged.   Nothing of the kind is charged in this case.—*Brooks' case*, 9 Ala. 9.

The writ of *mandamus* is refused.