## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Sam Penn et al.

v.

Harleysville Mut. Cas. Co.

April 25, 1966

Case No. A-8571

By JUDGE ALEX H. SANDS, JR.

After reviewing the briefs of counsel and the various authorities discussed therein, I have concluded that the applicability of the exclusion clause in question must be determined in each instance by applying the test suggested by defendant's counsel at pages 4 and 5 of his brief to the facts of the particular case. This test is not whether the person whose status is in question *actually uses* the vehicle frequently or infrequently but whether, in view of the facts of the particular case, he or she has the opportunity of frequent use of the vehicle in question.

The adoption of this criterion automatically rules out any generalization that persons who are college students, or who are in military service or members of any other particular group either qualify or fail to qualify as a "relative of the named assured who is a resident of the same household" as assured in contemplation of the language of the policy exclusion. The adoption of this criterion for the same reason restricts the weight which can be attached to other decisions.

An unmarried member of the armed services stationed at Fort Lee, who spends a substantial portion of his time in the home of his Richmond parents might well be a "resident" of his family's household as

might an unmarried college student at the University of Richmond, who, though rooming on campus, spends much of his time in his parents' home in Richmond and uses the family car at will. The status of these same two young men, however, would change completely when the boy in service was transferred to Viet Nam to serve a two-year hitch and the University of Richmond student matriculated in law school at the University of Colorado for a three-year course with the expectation of being able to return home not more than once or twice during the entire three years for Christmas vacation as he has secured summer employment on campus.

A very fair interpretation of the policy term "residing" appears in this excerpt from the opinion in the case of *State Farm Mutual Automobile Insurance Co.* v. *Hanna*, 166 So. 2d 872 (Ala. 1964):

> Nor was such residence abrogated by casual visits over the weekend to the home of his parents. Such visits were nothing more than mere temporary interruptions of his more permanent residence at Howard College. The same would apply to the Christmas and Spring vacation periods. We doubt that such rule should apply to the long summer vacation period of several months where a student resumes living with his parents, nor should such rules apply where a student attends a college or university in the same town or city as his home while he continues to reside in his family home.

Since the meaning of the word "resident" or the word "residence" depends upon the context in which used, *State Farm, etc. Co.* v. *Smith*, 206 Va. 280 (1965), if we adopt the theory that "opportunity of use" is the controlling criterion, then under the agreed facts in this case Alan Penn, at the time of the accident in question was not a "resident of the same household" as his father in contemplation of the exclusionary language of the policy involved.

Accordingly, it is held that the medical payments provision of the defendant's policy covering the 1962 Falcon applied, and judgment will be for the plaintiff.