Appellee, Michael E. Herren, filed an action in the Circuit Court of Tuscaloosa County against appellant, Nationwide Mutual Insurance Company, seeking to recover on an insurance policy as a result of an automobile accident.
At the time of the accident, Herren was operating a motor vehicle owned by his father, Floyd Herren, and driven principally by his mother. Herren's contention in the trial court and here is that the policy of insurance with Nationwide covered the damage done to his father's car as the result of the accident. The provision in the policy upon which he relies is as follows:
VI. USE OF OTHER LAND MOTOR VEHICLES
Insurance afforded under:
. . . . .
 (2) Coverages A, B and F shall apply to a private passenger automobile, except a temporary substitute land motor vehicle, not owned or stolen by the Policyholder or a member of the same household while in the actual possession of the Policyholder first named in the Declarations if an individual, and to his spouse or the relatives of either if a resident of the same household, except to losses:
 (a) arising out of the operation of an automobile repair shop, public garage or parking place, sales agency or service station;
 (b) occurring while the automobile is furnished for regular use to such Policyholder or a member of the same household. *Page 255 
Nationwide answered by saying that VI(2)(b) provides an exception to the coverage of the policy and that the policyholder was a member of the same household; hence, he was not covered by the policy.
After trial, the jury returned a verdict for Herren in the amount of $1,750. Nationwide thereupon filed a motion for judgment n.o.v., or, in the alternative, a motion for a new trial. The trial court denied this request and Nationwide filed notice of appeal to this court.
The issue is whether or not Herren is entitled to collect on his collision insurance policy for damages to an automobile not listed in that policy but which he was driving at the time of the accident and which was owned by his father. Specifically, we must determine if the evidence presented at trial is sufficient to sustain the conclusion that Herren was not a member of the same household as his parents.
The facts in this case show that in 1975 Herren purchased a policy of insurance from Nationwide on a 1970 Volkswagen and a 1972 Chevrolet van. In May 1976 Herren and his wife separated and he immediately moved out of the apartment they shared and into his parents' house at Cottondale, Alabama. Several days later, Herren and his wife obtained a divorce. Herren had not lived in his parents' house since he graduated from high school in 1963.
After moving to his parents' house, Herren changed his mailing address from the apartment where he and his wife had lived to that of his parents. There was testimony that he moved all his clothes and belongings into his parents' house and there was other testimony that he kept some of his clothes and belongings in his van. In addition, there was testimony that he never unpacked his bags.
About a week after moving to his parents' house, Herren went to California to look for a job. Unable to locate work there, Herren returned to his parents' home but immediately began searching for an apartment. He stated that he never intended to stay at his parents' house permanently. Approximately two months after moving to his parents' house, Herren moved into his own apartment.
While living in his parents' house, Herren had his own room but he was not required to pay room and board. He ate some meals there and some meals at other places. Furthermore, he did not always spend the night at his parents' house; moreover, he did not always inform his parents of his whereabouts, nor was he expected to do so. He was not subject to parental control and did not engage in the routine family activities.
During the period that Herren was staying in his parents' house, he borrowed the keys to a 1970 Oldsmobile from his mother so that he could use the car to go to a party. The automobile belonged to Herren's father. On the way home from the party, Herren was involved in a one-car accident. There was evidence that the vehicle incurred damage in the amount of $1,750.
Herren filed a claim for the damages with Nationwide, his insurer. Nationwide denied the claim on the ground that the policy did not cover the damages claimed.
Nationwide says that the trial court erred in refusing its request for a directed verdict and a new trial because there was no evidence that the vehicle being operated by Herren at the time of the accident was covered by its policy. Nationwide contends that Herren was a "member of the household" of his father and mother and thereby came within the exception in the policy which provided that no coverage existed for a private passenger automobile owned by a member of the same household or furnished to the policyholder for his regular use.
Four basic principles of appellate review are applicable to this case. First, a trial court's action in denying a motion for directed verdict must be viewed by the Court of Civil Appeals in light of the scintilla of evidence rule. St. PaulFire Marine Insurance Co. v. Thompson, Ala.Civ.App.,346 So.2d 439, cert. den., Ala., 346 So.2d 442 (1977). And if there is a scintilla of evidence supporting the position of the party against whom the directed verdict motion is made, the trial court cannot grant a directed *Page 256 
verdict. O'Donohue v. Citizens Bank, Ala.Civ.App.,350 So.2d 1049 (1977). Second, in determining whether a motion for directed verdict was properly granted or denied, the evidence presented at trial must be viewed in a light most favorable to the party against whom the motion for directed verdict was made. O'Donohue v. Citizens Bank, supra; 2A Alabama Digest,Appeal Error, 927 (7). In view of these principles, we cannot say that the trial court erred in failing to direct a verdict in favor of Nationwide. Indeed, the evidence which Herren presented at trial (and reasonable inferences therefrom) was sufficient to meet "the least particle" or "smallest trace" test necessary to constitute a scintilla of evidence that he was not a member of his father's household.
The other two principles of appellate review which are relevant to this appeal are: (1) a jury verdict is presumed to be correct and will not be disturbed on appeal unless it is clearly wrong or unjust; 2A Alabama Digest, Appeal Error, 930 (1) and 1003 (4); and (2) the trial court's refusal to grant a new trial strengthens the presumption that the verdict of the jury was correct. 2A Alabama Digest, Appeal Error, 930 (1). In this instance we are not convinced that the trial court erred in refusing to permit a new trial upon Nationwide's motion made pursuant to Rule 59 ARCP. Nor are we persuaded that the jury's verdict in this matter was clearly wrong or unjust.
There was uncontradicted evidence that the damaged vehicle was owned by Herren's father. And Herren was not within the exception denying coverage where the automobile was furnished for regular use by the policyholder since there was no evidence that the damaged vehicle was furnished to the policyholder,i.e., Herren, for his regular use.
Notwithstanding the settled state of the evidence as to ownership, there was a sharp conflict in the evidence as to whether Herren was a member of his parents' household as that term was used in the exception from coverage clause of the insurance policy. There was evidence that he was a member of the household within the meaning of the policy and there was evidence that he was not such a member. The resolution of this conflict was for the jury and they found for Herren, the plaintiff. There is sufficient evidence and inferences therefrom to support this verdict. Consequently, we find that the trial court did not err in denying the request for a directed verdict and the motion for a new trial.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.