Appellees (William Benjamin McGiffert, William Dean Azar and Zack Azar) filed suit against appellant (Gulf American Fire *Page 333 Casualty Company) in the Circuit Court of Montgomery County. Appellees sought recovery for injuries sustained by McGiffert and William Dean Azar in an automobile collision with an uninsured motorist. Their suit was premised on an uninsured motorist provision contained in T.B. McGiffert's automobile insurance policy. T.B. McGiffert is the father of appellee-William Benjamin "Ben" McGiffert.
The issue presented for our determination is whether William Dean Azar and Ben McGiffert were excluded from coverage under a policy issued to the latter's father, T.B. McGiffert. The circuit court held that they were not excluded and granted a partial summary judgment in favor of appellees. We reverse.
T.B. McGiffert was divorced from his wife Katilou McGiffert Murchison on July 25, 1973. Under the terms of the divorce decree Mrs. Murchison was awarded custody of the couple's children including Ben McGiffert. The decree also permitted T.B. McGiffert reasonable visitation with the children and required him to furnish money for their support. The family residence remained in the joint ownership of T.B. McGiffert and Katilou McGiffert Murchison and was to be sold as soon as possible in order that the proceeds from the sale could be used to pay off certain outstanding loans. The wife was granted the right to occupy the family home until the sale and the husband was not to come onto the premises while the wife was residing there. Accordingly, T.B. McGiffert continued to live at the address where he had taken up residence prior to the couple's actual divorce. Finally, the divorce decree stipulated that the husband (T.B. McGiffert) was to provide "automobile insurance for as long as the Wife and minor children reside[d] in the family home. . . ."
The automobile accident which resulted in this dispute occurred on October 8, 1973. At the time of the accident seventeen year old Ben McGiffert was driving an automobile owned by a third person. Appellee-William Dean Azar was a passenger in the vehicle driven by McGiffert. The car containing McGiffert and Azar collided with a vehicle driven by an uninsured motorist and both McGiffert and Azar sustained injuries. It was undisputed that the negligence of the uninsured motorist caused the accident.
The uninsured motorist provision of the policy in question provides coverage with respect to a non-owned vehicle for the named insured or his relatives. However, the term "relative" in the policy is defined as "a relative of the named insured who is a resident of the same household." Thus, there is coverage only if Ben McGiffert was a resident of the same household as his father, T.B. McGiffert.
The circuit court found that the language "who is a resident of the same household" was ambiguous and, accordingly, that such language should be construed in favor of the insured. The court then concluded that Ben McGiffert and T.B. McGiffert were members of the same household.
Appellant-Gulf American contends that under the facts presented, the circuit court erroneously concluded that Ben McGiffert was a resident of his father's household. In support of its contention Gulf American relies on two Louisiana decisions which are factually similar to the instant case:Chapman v. Allstate Insurance Co., 306 So.2d 414 (La.App. 1975); Ursin v. Oubre, 343 So.2d 1189 (La.App. 1977).
Conversely, appellees rely on two Alabama cases, State FarmMutual Automobile Insurance Co. v. Hanna, 277 Ala. 32,166 So.2d 872 (1964) and Crossett v. St. Louis Fire MarineInsurance Co., 289 Ala. 598, 269 So.2d 869 (1972), which held that terms such as "residing" or "residents" as used in policies referring to households of the named insured were ambiguous.[1] Accordingly, both decisions found that such language should be construed in favor of the insured. *Page 334 
We believe that appellees' and the circuit court's reliance on Hanna and Crossett was misplaced. While we have no quarrel with the general proposition stated in those cases, we are of the opinion that even a favorable construction of ambiguous terms for the insured requires a factual basis. Indeed, the necessity of providing facts in support of a party's contention that he is or is not a resident of the same household as the named insured is clearly indicated by the opinions of former Justice Harwood in Hanna and Justice Bloodworth in Crossett.See Nationwide Mutual Insurance Co. v. Herren, Ala.Civ.App.,362 So.2d 253 (1978). In the present case there were simply no facts presented to the circuit court which would demonstrate that Ben McGiffert resided in the same household as his father, the named insured.
When the automobile accident which resulted in this dispute occurred, Ben McGiffert was living with his mother, Mrs. Murchison. T.B. McGiffert, the named insured, resided at an entirely different location. And although Ben McGiffert visited his father at the father's home, Mrs. Murchison testified by deposition that the visits did not include overnight stays. Furthermore, custody of Ben McGiffert had been awarded to Mrs. Murchison under the provisions contained in the decree divorcing her and her husband, and, consequently, Ben was a legal resident of his mother's household. See Chapman v.Allstate Insurance Co., supra.
As these facts indicate, neither Ben McGiffert's actual or legal residence was in his father's household. Thus, the circuit court improperly awarded a summary judgment in favor of appellees on the ground that Ben McGiffert was a member of his father's household.
Moreover, we believe that a summary judgment should have been rendered in favor of appellant-Gulf American. As defendant in this matter, Gulf American moved for a summary judgment on the basis of Mrs. Murchison's deposition. The motion of Gulf American was supported by facts which demonstrated that Ben McGiffert maintained neither legal or actual residence in his father's household. Appellees presented no affidavits, depositions or other documents to refute Gulf American's claim that Ben McGiffert did not reside with the person named in the insurance policy issued by Gulf American. Instead, appellees filed their own motion for summary judgment based on theCrossett and Hanna decisions. However, appellees offered no facts to support their own motion even though such facts were necessary in view of the question to be decided.
As we stated in State v. Deaton, Inc., Ala.Civ.App.,355 So.2d 378 (1978), a trial court may enter a summary judgment in favor of a party who moves for summary judgment if the adverse party makes no evidentiary or factual showing in opposition to the motion of the moving party on the grounds that under such circumstances an adverse party must "set forth specific facts showing that there is a genuine issue for trial." Rule 56, ARCP. Appellees, however, made no evidentiary or factual showing in opposition to Gulf American's motion. Likewise, Rule 56 of the Alabama Rules of Civil Procedure generally requires the presentation of facts showing that the moving party is entitled to a summary judgment, but, as stated earlier, appellees presented no facts in support of their own motion for summary judgment.
The insurance policy at issue here provided uninsured motorist coverage to relatives of the named insured only if such relatives resided with the named insured. There was no factual dispute that Ben McGiffert did not reside with his father who was the named insured under the policy. As a consequence, there was no genuine issue of fact with regard to the condition necessary for Ben to be deemed an "insured" under the terms of the policy. And the inability of Ben McGiffert to establish that he was an "insured," i.e., a relative residing in the same household as the named insured, also precluded as a matter of law his ability to recover benefits under uninsured motorist coverage. *Page 335 
Likewise, under the terms of the policy issued to T.B. McGiffert, appellees William Dean Azar and Zack Azar were not entitled to recover benefits. The policy in dispute provides uninsured motorist coverage to an insured person including "any other person while occupying an insured automobile." However, an "insured automobile" in situations involving a non-owned vehicle is defined as an "automobile . . being operated by thenamed insured." (Emphasis supplied.) Ben McGiffert, the operator of the non-owned automobile in which William Dean Azar was injured, was not the named insured or a relative residing in the same household as the named insured. Moreover, a named insured is defined by the policy as the named insured or his (or her) spouse provided the two reside in the same household. T.B. McGiffert and his wife were divorced and did not reside in the same household. And since neither T.B. McGiffert nor his spouse residing in the same household were operating the automobile in which William Dean Azar was a passenger, the automobile was not insured under the terms of the policy defining an insured automobile as an automobile driven by the named insured. Consequently, Azar could not recover because a person occupying the vehicle involved in an accident was entitled to recover only if the vehicle was an "insured automobile" under the terms of the policy.
Under the circumstances of this case there was nothing to support a summary judgment in favor of appellees. In fact, the record before us demonstrates that the appellant-Gulf American should have been granted a summary judgment on its motion to dismiss appellees' suit. Accordingly, the judgment of the circuit court is reversed with directions that a summary judgment be entered in favor of appellant.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.
[1] The ambiguity in these words results from the fact that the language "resident" or "residing" refers to temporary as well as permanent abodes. State Farm Mut. Auto. Ins. Co. v. Hanna,277 Ala. 32, 166 So.2d 872 (1964).