BOWEN, Judge.
Clifford Lorenzo Thomas, the appellant, was convicted for the capital offense involving the intentional murder and robbery of Wilmer Wayne Miller. After waiving jury sentencing, he was sentenced to life imprisonment without the possibility of parole. The appellant raises four issues on this appeal from that conviction.
I.
The appellant contends that his motion to quash should have been granted because the foreman of the grand jury, Huey En-finger, was a resident of Houston County and not Geneva County. After an eviden-tiary hearing, the trial judge entered a written order finding that, although the foreman had been living in a house in Houston County for approximately 15 months, he had maintained his “residence” in Geneva County. R. 52-55. We find that the motion to quash the indictment was properly denied for two independent reasons.
First, the trial judge did not err in concluding that Mr. Enfinger was a “resident” of Geneva County. The facts indi- *417 eating that Mr. Enfinger was a resident of Geneva County are as follows: He was born on his parents’ farm in Geneva County. He later purchased that farm and either owns or has an interest in those 101 acres. His son was presently living on that farm. Mr. Enfinger was 68 years old and had lived on that farm with his first wife for 42 years. He received his mail in Geneva County. He was registered to vote in Geneva County. He did his banking, bought his groceries, and transacted most of his business in Geneva County. His motor vehicle driver’s license was issued in Geneva County. He had been a lifelong resident of Geneva County and considered himself a resident of Geneva County and “a Geneva County boy.” R. 38.
Mr. Enfinger’s connection with Houston County was that for approximately 13 months before the return of the indictment against the appellant, he had been living in a house in Houston County. That house was owned by his second wife and was located 300 yards from the Geneva County line. Mr. Enfinger testified that if his wife died he would move back to Geneva County-
“The word ‘residing’ is an ambiguous, elastic, or relative term, and includes a very temporary, as well as a permanent, abode.... It means a dwelling place for the time being, as distinguished from a mere temporary locality of existence.... It indicates some intent of permanency of occupation as distinguished from boarding or lodging, but does not require the intent of permanency to the degree required in domicile.... While residence is a necessary component of domicile, residence is not always domicile. One may have a legal domicile with his family, and reside actually and personally away from his family. In such event the word ‘reside’ may correctly denote either the technical domicile, or the actual personal residence. The word ‘reside’ is often used to express a different meaning according to the subject matter.”
State Farm Mutual Automobile Ins. Co. v. Hanna, 277 Ala. 32, 37, 166 So.2d 872 (1964).
“The fact that a person lives at a particular place creates a prima facie presumption that such place is his domicile. The presumption is rebuttable by facts to the contrary.” Nora v. Nora, 494 So.2d 16, 18 (Ala.1986). “[T]he terms ‘legally resides,’ ‘inhabitant,’ ‘resident,’ etc., when used in connection with political rights are synonymous with domicile.” Mitchell v. Kinney, 242 Ala. 196, 203, 5 So.2d 788, 793 (1942).
The second reason the motion to quash was properly denied is because the allegation that a grand juror was not qualified is not a proper ground of objection to an indictment. In this state, a juror or grand juror must have been “a resident of the county for more than 12 months.” Ala. Code 1975, § 12-16-60(a)(l). However, § 15-15-40(b) provides:
“No objection can be taken to an indictment, by plea in abatement or otherwise, on the ground that any member of the grand jury was not legally qualified, ... or on any other ground going to the formation of the grand jury except that the jurors were not drawn in the presence of the officers designated by law....”
See Thomas v. State, 249 Ala. 358, 360, 31 So.2d 71 (1947); Whitehead v. State, 206 Ala. 288, 290, 90 So. 351 (1921); Boulo v. State, 51 Ala. 18, 19 (1874).
“The rule in a substantial majority of jurisdictions is that an unauthorized or incompetent person acting with the grand jury vitiates indictments returned by such body if attack thereon is timely made. In Alabama, however, the rule is otherwise due to the operation of ... [§ 15-15-40], and the construction placed thereon by our Supreme Court.”
Troup v. State, 32 Ala.App. 309, 315, 26 So.2d 611, 615, motion to strike cert. granted, 248 Ala. 143, 26 So.2d 622 (1946).
II.
The appellant maintains that he is entitled to a new trial based on the failure of a juror to truthfully answer a question submitted in an attempt to qualify the venire.
*418 Prior to the in-court qualification of the venire, the prospective jurors were requested to complete a written “juror information questionnaire” which had been submitted by the appellant. Question 27 was:
“Has any member of your family or any close friend ever been a Defendant in a criminal case:_If so, please state your relationship, the charges involved and the outcome:_” R. 71.
Juror Linda Diana Couch answered this question, “No.” R. 126. After trial, the appellant discovered that Mrs. Couch’s 18-year-old son had pleaded guilty to theft and was in the county jail waiting to go to “boot camp” at the time of trial. Objection was raised in a motion for new trial.
At the hearing on the motion for new trial, Mrs. Couch testified that she did not understand question 27, that she did not know what “defendant” meant, that she tried to answer the questions the best that she could, that the fact that her son was in jail did not influence her thinking or play any part in her decision in the appellant’s case, and that this fact did not come up during her discussions and deliberations with the other jurors.
We find no error in the trial judge’s denial of this ground of the motion for new trial.
On the issue of whether a juror’s failure to respond to questions during voir dire prejudiced the defendant, “the test is whether the petitioner might have been, not whether he actually was prejudiced.” Ex parte Ledbetter, 404 So.2d 731, 733 (Ala.1981). See also Ex parte Poole, 497 So.2d 537, 542 (Ala.1986).
“[Cjounsel and parties have a right to honest answers from venire members so that they can make fully informed decisions in striking the jury. We further agree that when prospective jurors fail to answer questions correctly, counsel and parties are denied that right. Martin v. Mansell, 357 So.2d 964 (Ala.1978). It is well established that when a trial court is presented with a motion for a new trial based on an improper response or a lack of response to a question on voir dire, the court must determine whether the response or lack of response has resulted in probable prejudice to the movant. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). The question of prejudice is primarily within the trial court’s sound discretion, and its ruling on the motion for new trial will be reversed only upon a showing of an abuse of that discretion. Id. at 167, 238 So.2d 330 at 332.”
Eaton v. Horton, 565 So.2d 183, 185 (Ala.1990).
“ ‘Although the defendant has a right to have questions answered truthfully on voir dire examination of the venire, the failure of a juror to make a proper response to a question regarding his qualifications to serve as a juror does not automatically entitle the defendant to a new trial. The proper inquiry is whether the defendant’s rights were prejudiced by the juror’s failure to properly and correctly respond.’ ”
Limbaugh v. State, 581 So.2d 5, 8 (Ala.Cr.App.1991) (quoting Knighten v. State, 402 So.2d 363, 364 (Ala.Cr.App.1981)).
In this case, the prosecution denied that it had any knowledge of the criminal status of Mrs. Couch’s son during the appellant’s trial. The prosecution presented Mrs. Couch’s testimony that she was not prejudiced against the appellant, and that the fact of her son’s conviction and incarceration did not influence her verdict. This Court “recognize[s] that there are occasions where a jury’s claim of freedom from prejudice and impartiality cannot be accepted and should not be believed.” Parker v. State, 587 So.2d 1072, 1083 (Ala.Cr.App.1991). However, we do not consider this to constitute such a case. This Court takes judicial notice that the fact that a person related to a veniremember has been prosecuted for a criminal offense or associated with some illegal activity is reason regularly advanced by the prosecution for the exercise of a peremptory strike in the selection of the jury. For example, see Powell v. State, 548 So.2d 590, 592 (Ala.Cr.App.1988), affirmed, 548 So.2d 605 (Ala.1989). We find no evidence that the trial judge *419 abused his discretion in denying of the motion for new trial based on this ground.
III.
Despite the fact that there was no physical evidence linking the appellant to the commission of the crime, his conviction is supported by substantial circumstantial evidence.
A recitation of the entire evidence presented by the State is not necessary. Sometime between 8:00 and 9:15 on the morning of August 21, 1989, 74-year-old Wilmer Wayne “WW” Miller was robbed and murdered at his store in Slocomb, Geneva County, Alabama. Four witnesses, three of whom had known the appellant for sometime, identified the appellant and placed him near the scene of the crime shortly before the probable time of the murder. At the probable time of the murder, the appellant’s vehicle was observed parked in an overgrown area behind the victim’s store. Shortly before Mr. Miller’s body was discovered inside his store, three witnesses observed the appellant picking up money from the floor of the store. The appellant told these people that Mr. Miller was in a shed. These witnesses did not find Mr. Miller in the shed. The appellant was gone when they returned to the store, and they contacted the police.
In his two statements to the police, the appellant claimed that he left Slocomb about midnight on August 21, 1989, and arrived in Miami, Florida, at the time the murder was committed.
Under the principles this Court set out in White v. State, 546 So.2d 1014, 1016-17 (Ala.Cr.App.1989), and Cox v. State, 585 So.2d 182, 203-05 (Ala.Cr.App.1991), we find that the jury could have reasonably found that the State’s evidence excluded every reasonable hypothesis except that of the appellant’s guilt. See also Ex parte Clark, 591 So.2d 23 (Ala.1991); Seales v. State, 581 So.2d 1192 (Ala.1991); Ex parte Hinton, 548 So.2d 562 (Ala.), cert. denied, 493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989); Dolvin v. State, 391 So.2d 133 (Ala.1980). “Where the prosecution presents a prima facie case of the crime charged in the indictment, contradictory and conflicting testimony presented by State witnesses presents an issue of credibility which should be submitted to the jury.” Currin v. State, 535 So.2d 221, 222 (Ala.Cr.App.), cert. denied, 535 So.2d 225 (Ala.1988).
At trial, the appellant’s motion for a verdict of acquittal was based upon the allegations that “[t]he testimony has been controverted, disputed, contradicted and shown to be out and out impossible” and that the State’s case was based on “very very shaky unstable circumstantial evidence.” R. 647-48. The record contains no objection of any type to the in-court identification of the appellant.
On this appeal, the appellant’s argument that the evidence is insufficient to support his conviction is based on his contention that “the testimony of these three witnesses was inadmissible as to identity and should have been excluded.” Appellant’s brief at 17. This argument was never presented to the trial court and is not preserved for review. Ex parte Weeks, 591 So.2d 441 (Ala.1991) (objection that the State has failed to make out a prima facie case does not embrace a claim that the accomplice testimony has not been corroborated). “Specific grounds of objection [or a motion for a verdict of acquittal] waive all grounds not specified.” Smoot v. State, 520 So.2d 182, 188 (Ala.Cr.App.1987).
Furthermore, and in the alternative, we find that appellant’s argument that the in-court identifications of the appellant were tainted and were the product of impermissi-bly suggestive out-of-court identification procedures without factual or legal merit and not supported by the record. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
IV.
The appellant’s argument that the prosecutor made several improper comments in his closing argument to the jury is not preserved for review because there was no objection made at trial. Ex parte Wilhite, 485 So.2d 787, 789 (Ala.1986).
*420 “If counsel wishes to preserve for review any ruling of the trial court made during closing argument, he must object and point out to the Court that portion of the argument to which he objects and when that is done it is made a part of the record for appellate review.”
Embrey v. State, 283 Ala. 110, 120, 214 So.2d 567, 577 (1968). In order to preserve the issue for appellate review, objections are still required in “capital cases” in which the death sentence is not imposed. Embrey, 283 Ala. at 120, 214 So.2d at 577. Objection is required to preserve error in a capital case in which the death penalty is not imposed. Rule 45A, A.R.App.P., and the doctrine of plain error do not apply in cases in which the death penalty is not imposed. Cook v. State, 384 So.2d 1158, 1160 (Ala.Cr.App.), cert. denied, 384 So.2d 1161 (Ala.1980). See also, Biddie v. State, 516 So.2d 846, 847 (Ala.1987).
V.
The appellant claims that the trial judge violated the principles of Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328,112 L.Ed.2d 339 (1990), in instructing the jury on reasonable doubt. See also Ex parte White, 587 So.2d 1236 (Ala.1991), cert. denied, — U.S. -, 112 S.Ct. 979, 117 L.Ed.2d 142 (1992).
The record contains no objection to the trial court’s instruction on reasonable doubt. Therefore, this issue is not preserved for review. Rule 21.2, A.R.Crim.P.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.